IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORRISSEY and CATHERINE MORRISSEY  Plaintiffs,  v.  NCO FINANCIAL SYSTEMS, INC.  Defendant. | Civil Action No.  COMPLAINT |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiffs Catherine and William Morrissey are adult individuals residing at 22 Mill St. New Boston, NH 03070.

5. Defendant NCO Financial Services, Inc. ("NCO") is a business entity regularly doing business in the Eastern District of Pennsylvania with its principal office located at 507 Prudential Road, Horsham, PA 19044. The principal purpose of Defendant is the collection of

debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to an original creditor (the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiffs did not and have never owed a debt to NCO.

9. At all times pertinent hereto, NCO made use of an automatic telephone dialing system to contact Plaintiffs on their cellular telephones.

10. At all times pertinent hereto, Plaintiffs never gave express consent to NCO to call their cellular telephone.

11. In or around September 2011, NCO initially contacted Plaintiffs' cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.  Each and every time NCO called and Plaintiffs spoke with NCO, Plaintiffs told NCO's representatives that they had reached the wrong person, that they were calling William J. Morrissey, not William F. Morrissey, allegedly the true debtor here.

12. Notwithstanding the above, and continuing through March 2012, NCO continued to contact Plaintiffs' cellular telephone multiple times per week, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13. NCO acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

14. NCO acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. NCO acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. NCO acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

17. NCO acted in a false, deceptive, misleading and unfair manner when it used false representations and deceptive means to collect or attempt to collect a debt.

18. NCO knew or should have known that its actions violated the FDCPA and the TCPA. Additionally, NCO could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

### FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA
### (Plaintiffs v. NCO)

19. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

20. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. The above contacts by NCO were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

    (a) Communicating with persons other than the consumer on more than one occasion;

    (b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

    (c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (d) Falsely representing the amount, character or legal status of the debt; and

    (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

24. NCO's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

25. As a result of the above violations of the FDCPA, NCO is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA
### (Plaintiffs v. NCO)

26. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

27. NCO initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiffs' cellular telephones.

28. NCO initiated these automated calls to Plaintiffs' cellular telephones using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

29. NCO violated the TCPA. Defendants' violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

   (a) initiating telephone calls to Plaintiffs' cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiffs' express consent; and

   (b) initiating telephone calls to Plaintiffs using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

30. NCO's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

31. The acts and/or omissions of NCO were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, express consent from the Plaintiffs, lawful right, legal defense legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs' to an award of statutory, actual and treble damages.

## JURY TRIAL DEMAND

33. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Statutory damages;

(b) Actual damages;

(c) Treble damages;;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: August 30, 2012